IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00142-RPM

VALERIE BUENO,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

_____

ORDER AFFIRMING DECISION
_____

The application for Supplemental Security Income filed by Valerie Bueno, claiming disability beginning December 27, 2004, when she was 50 years old, (initially claiming disability due to degenerative disk disease, osteoarthritis and hepatitis C), was denied based on the decision of an Administrative Law Judge (ALJ) dated November 22, 2006, after a hearing held on November 6, 2006. The ALJ found that Ms. Bueno has the severe impairments of "fibromyalgia syndrome, degenerative changes of the cervical spine, degenerative changes of the lumbar spine, and trochanteric bursitis, right greater than left (CFR 416.920(c))." (R. 27). The ALJ further found as follows:

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; stand, walk, and/or sit no more than 6 hours each during an 8 hour day with occasional climbing of ladders, ropes, or scaffolds, and no more than frequent

  climbing of stairs or ramps, frequent balancing, stooping, kneeling, crouching, and crawling.

(R. 29).

  Based on that finding of residual functional capacity, the ALJ concluded that she has the capacity for a full range of light work and therefore is not disabled under Medical-Vocational Rules 202.10 and 202.17.

  In this judicial review under 42 U.S.C. § 405(g), the plaintiff contends that the ALJ's decision is not supported by substantial evidence in the record and that the ALJ did not consider other impairments shown by the medical record which, in combination, would lead to a finding that she can only perform sedentary work and is therefore disabled on the grids.  Rules 201.09 and 201.10.

  In his opinion, the ALJ did recognize that the medical records show a diagnosis of hepatitis C but that there is no record of treatment for it.  He also recognized that the claimant has been considered to have shown signs of depression during her visits to health care providers at Denver Health Medical Center and the West Side Family Health Center.  The ALJ did not find depression as an impairment because he noted that there was no indication of participation in any formal mental health treatment or that she ever received a formal diagnosis from a mental health specialist.  He also noted that in October, 2005, she was considered to have been doing well after moving into her own living accommodations.

  Dr. Henry Fischer, a physician at West Side Family Health Center who has seen Ms. Bueno intermittently since 2003, wrote a letter, dated October 23, 2006,

advising that his patient suffers from chronic pain made worse by her depression which he and other providers have not been able to adequately treat with medicines. (R. 183).

Dr. Richard Carson, M.D., did a consultative examination of Ms. Bueno on March 2, 2005, and reported the results of his physical examination with a functional assessment conclusion as follows:

> Based on her multiple disorders she appears to be somewhat functionally impaired. She could be expected to sit cumulatively up to six hours, stand or walk cumulatively for two hours, lift or carry 10 pounds occasionally.

(R. 148).

The plaintiff asserts that the ALJ failed to give adequate consideration to these two reports and erroneously relied on the opinions of a state agency physician, Dr. Anthony Logalbo, M.D., who reviewed the medical records, including the report of Dr. Carson, on March 30, 2005. Dr. Logalbo observed that Dr. Carson's stated limitations were not fully supported by his objective findings. (R. 126). Dr. Logalbo also concluded that there need be no follow up to complaints of depression and anxiety. (R. 127).

The plaintiff faults the ALJ for his rejection of the functional limitations described in Dr. Carson's report as engaging in speculation and offering his own medical interpretation. That criticism is unfounded, given Dr. Logalbo's expressed opinion of Dr. Carson's report.

Dr. Anthony Dwyer, M.D., saw Ms. Bueno on August 24, 2006, on referral for an evaluation of her chronic back pain. He found that there was no objective

neurological deficit and X-rays revealed no significant abnormalities.  His orthopedic assessment was "mild degenerative disk disease, lumbar spine."  (R. 154).  That was referred to in the ALJ's assessment of the medical records.

The plaintiff's subjective complaints of the limitations caused by chronic pain and frequent headaches made to her health care providers and in her testimony at the hearing before the ALJ would require a finding of disability.  The ALJ found that these complaints were not credible.  The central question in this review is whether there is sufficient evidence in the record showing such contradictions and inconsistency as would justify that credibility determination by a fair adjudicator.  The ALJ explained his reasoning and relied heavily on Ms. Bueno's ability to live independently, alone, in a second-floor apartment.  After reviewing the entire record, the ALJ's determination on credibility was a justifiable exercise of his discretion and his denial decision is supported by substantial evidence.  Accordingly, it is

ORDERED that the Commissioner's decision denying the application for Supplemental Security Income based on disability is affirmed.

Dated:   June 18th, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge